# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DARRELL MILSAP, | |
| Plaintiff, | Case No. 16-cv-4202 |
| v. | |
| CITY OF CHICAGO, | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Darrell Milsap filed this pro se complaint against his employer, the City of Chicago Department of Streets and Sanitation. In his amended complaint [28], Plaintiff alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"), and also includes allegations suggesting he may be attempting to assert claims under the Age Discrimination in Employment Act ("ADEA"), and under 42 U.S.C. § 1983. The case is before the Court on Defendant's motion to dismiss Plaintiff's amended complaint [36]. For the reasons explained below, the motion is granted.

A.  Plaintiff's Complaint

Plaintiff filed his First Amended Complaint [28] in the Court's employment discrimination complaint form, checking only the box marked "disability" in paragraph 9, which asks for the bases of the discrimination; he did not check the box marked "age." *See* [28], pp. 3-4. In paragraph 13, which asks the pro se plaintiff to list the facts supporting his discrimination claim, Plaintiff wrote that he

had taken "intermittent FMLA since my back injury of October 2006. I was approved by my employer the City of Chicago. But when I started taking my approved days to go to my doctor visits for spinal treatments my employer started writing me up. Saying I was creating a pattern." [28], p. 5. Plaintiff attached to his complaint an EEOC charge he previously filed, alleging age and disability discrimination. In the "statement of harm" section of the charge, Plaintiff indicated that his employer "discriminated against me due to my age and disability" and "fostered an ongoing hostile work environment where I was subjected to disparate treatment and harassment because of my need for ongoing medical treatment for a disability as defined by the ADA." Plaintiff also indicated that he had received accommodations for his disability to perform clerical work, but then "the Commissioner took away our accommodations and required is to do manual labor, or face termination from employment." *Id.* These facts suggest that Plaintiff intended to pursue a straightforward employment discrimination claim.

Plaintiff also attached to his complaint a document entitled "Description of Incidents," which details about an on-the-job vehicle accident that occurred on December 10, 2012. In brief, Plaintiff alleges that he was fired after he refused to lie and say that he was driving the city vehicle at the time of the accident when, in fact, the driver was Kenny Austin, the son of Alderman Carrie Austin. [28], pp. 9-13. None of this has anything to do with a disability discrimination claim, though the narrative does include a sentence indicating that Plaintiff "[a]lso felt that the city was retaliating against me due to a back injury case in which I won my case

and was [given] a settlement." *Id.*, p. 11. Plaintiff's complaint also includes a separate, handwritten sheet listing three paragraphs, two of which relate to his back injury, and one of which relates to alleged Shakman violations. *See* [28], p. 14.

B.  Legal Standard

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). To survive a motion to dismiss, a complaint must first provide a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice" of what the claim is "and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, the complaint must contain "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). That is, the allegations must raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra Health Servs. Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). A claim has facial plausibility "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The "amount of factual allegations required to state a plausible claim for relief depends

on the complexity of the legal theory alleged," but "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Limestone Dev. Corp. v. Vill. Of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008). In evaluating the complaint, the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of Plaintiff. *Iqbal*, 556 U.S. at 678. The Court need not, however, accept legal conclusions or conclusory allegations. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

C. Analysis

The City has moved to dismiss Plaintiff's complaint, arguing that Plaintiff has: (1) named the wrong entity; (2) failed to state a claim for municipal liability under § 1983; (3) failed to provide fair notice of the grounds for any age discrimination claim; (4) failed to plead certain required elements of his ADA claim; and (5) failed to articulate a basis for any punitive damages award. The Court considers each argument in turn below.

1. The City is the Proper Defendant

Initially, Defendant argues that Plaintiff has improperly named the City of Chicago Department of Streets and Sanitation as Defendant; the Court agrees. City departments "are merely organizational divisions of the City and have no separate legal existence; hence, they are not suable entities." *Perkins v. City of Chicago*, No. 04 C 2855, 2005 WL 782695, at *1 (N.D. Ill. Apr. 6, 2005) (citing *West v. Wagmire*, 114 F.3d 646, 647 (7th Cir. 1997) (Chicago police department); *Dr. Martin Luther King, Jr. Movement v. City of Chicago*, 435 F.Supp. 1289, 1294 (N.D.Ill. 1977)

4

(Chicago department of streets and sanitation)). The City is the real party in interest, and the Clerk is accordingly directed to strike the Department of Streets and Sanitation as a Defendant in this lawsuit and substitute the City of Chicago as the proper defendant. *See* Fed. R. Civ. P. 17(a), (b); *Foreman v. King*, No. 12 C 50419, 2014 WL 2712518, at *2 (N.D. Ill. June 16, 2014), *aff'd sub nom. Foreman v. Wadsworth*, 844 F.3d 620 (7th Cir. 2016).

2. Plaintiff's § 1983 Claim Fails

Next, the City argues that Plaintiff fails to state a claim under § 1983 and fails to allege facts in support of a *Monell* claim. It is not clear that Plaintiff is actually attempting to pursue a claim under § 1983, but to the extent he is, the Court agrees that his current complaint falls short.

To state a valid § 1983 claim against the City, Plaintiff "must aver that the alleged constitutional deprivations resulted from a municipal policy or custom." *Jackson v. Vill. of Bellwood*, No. 91 C 7089, 1992 WL 92031, at *2 (N.D. Ill. Apr. 29, 1992) (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, (1978)). *Monell* established that a municipality cannot be held liable on a § 1983 claim based on the doctrine of *respondeat superior*; rather, a municipality may be held liable "only for acts for which it is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). *See also Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) ("proper analysis requires us to separate two different issues when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was

5

caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation.).

Although Plaintiff provides specific details about the 2012 vehicle accident, the investigation, and his subsequent refusal to lie to protect an Alderman's son, his complaint alleges a discreet incident and its aftermath, rather than any widespread practice. *See Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1071 (7th Cir. 2012). Moreover, Plaintiff claims that he was fired for refusing to lie about who was driving at the time of the accident. Without more, this allegation alone does not trigger a constitutional cause of action against the City of Chicago. Even liberally construed, Plaintiff's complaint fails to allege a constitutional violation. Accordingly, any claim asserted under § 1983 is dismissed without prejudice.

3. Plaintiff's Alleged Adverse Employment Action

To survive a motion to dismiss claims for age and disability discrimination, a plaintiff must adequately allege that he suffered an adverse employment action. *See* 42 U.S.C. §§ 12112, 2000e-2(a)(1); *DeSalvo v. SP Plus Corp.*, No. 15 C 9988, 2016 WL 2644895, at *2 (N.D. Ill. May 10, 2016) (citing *Gogos v. AMS Mech. Sys., Inc.*, 737 F.3d 1170, 1172 (7th Cir. 2013) (adverse employment action an element of disability discrimination under the ADA); *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453 (7th Cir. 2011) ("To prove discrimination in violation of the ADEA, [the plaintiff] must establish that [the defendant] subjected him to an adverse employment action because of his age.")). Adverse employment actions for purposes of the federal antidiscrimination statutes "generally fall into three categories: (1) termination or

reduction in compensation, fringe benefits, or other financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (3) unbearable changes in job conditions, such as a hostile work environment or conditions amounting to constructive discharge." *Barton*, 662 F.3d at 453-54. Here, there is no question that Plaintiff alleges an adverse employment action: he indicates that he was forced to resign.[1]

This is not enough, however, to allege an adverse employment action. Plaintiff must allege that he suffered the adverse employment action *because of* his age or his disability. 42 U.S.C. § 12112(a); *Timmons v. Gen. Motors Corp.*, 469 F.3d 1122, 1127 (7th Cir. 2006). Plaintiff's complaint fails to allege facts suggesting that his termination or resignation was tied to his age or disability, or that any of the other allegedly adverse employment actions were *because of* his age or disability. He indicates that he has taken intermittent FMLA as a result of a 2006 back injury, that he was approved to go to doctor visits for spinal treatments, but that, despite this approval, his employer started "writing [him] up." Yet he does not appear to be alleging that the writes up were an adverse employment action. Nor is he alleging that he was fired (or otherwise punished) for those write ups or for missing work. To the contrary, Plaintiff consistently ties his alleged adverse employment action to his refusal to lie about the December 2012 accident. *See* [28] ("I was still forced to

---

[1] Plaintiff also checked several other boxes on the form complaint, claiming that the City failed to accommodate his disability and retaliated against him because he "did something to assert rights protected by the laws identified in paragraphs 9 and 10 above." He does not allege facts, however, to support these allegations. *See Eiler v. City of Pana*, 606 F. App'x 305, 306 (7th Cir. 2015) (Without any supporting allegations, checking boxes on a form complaint is "nothing more than a legal conclusion, which we need not accept as true.") (citing *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015)).

7

resign or face termination because I told the Inspector General the truth about who was driving the city vehicle"; "I feel that I was wrongfully terminated or forced to resign due to the fact that I was in the middle of a political war between Carrie Austin the Alderwoman of the 24th ward and Mr. Joe Ferguson the Inspector General."). Because Plaintiff has not alleged that the alleged adverse employment action was tied to his disability or his age, his ADA and ADEA claims fail.[2]

    4.    <u>Plaintiff's Punitive Damages Claim Fails</u>

Finally, the City argues that any claim for punitive damages must be rejected. Again, the Court agrees. Although the ADA "allows for the recovery of exemplary—or punitive—damages in certain circumstances, it also incorporates the sections of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., that immunize municipal corporations from punitive damages." *Paul v. Chicago Transit Auth.*, No. 14-CV-03259, 2017 WL 1178222, at *4 (N.D. Ill. Mar. 30, 2017) (citing 42 U.S.C. §§ 1981a(a)(2), 12117(a). Thus, the City is immune from punitive damages under the ADA, and the Court dismisses any claim by Plaintiff for punitive damages.

---

[2] The ADEA makes it illegal for an employer to "discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). In addition to failing to tie the alleged adverse employment action to his age, Plaintiff's complaint makes no mention of his age and includes no facts from which the Court could infer that he is a member of a protected class (over 40), or that he performed reasonably at his job, the other elements of a prima facie case of age discrimination. *See, e.g., Simpson v. Franciscan All., Inc.*, 827 F.3d 656, 661 (7th Cir. 2016).

8

## Conclusion

For the reasons explained above, Plaintiff's First Amended Complaint is dismissed.

Dated: May 25, 2017

ENTERED:

_____
John Robert Blakey
United States District Judge